In re John C. BRAUN, Debtor.

CAFFAL BROS. FOREST PRODUCTS, INC., an Oregon corporation, Plaintiff,

v.

John C. BRAUN, Defendant.

Bankruptcy No. 385–03218–S7.
Adv. No. 86–0214–S.

United States Bankruptcy Court,
D. Oregon.

Aug. 7, 1986.

Martin E. Hansen, Bend, Or., for plaintiff.

Craig C. Coyner, Bend, Or., for defendant.

DONAL D. SULLIVAN, Bankruptcy Judge.

Plaintiff Caffal Bros. Forest Products, Inc. ("Caffal Bros.") filed a complaint to recover $13,965.48 as a nondischargeable debt based on a forged check. The debtor, John Braun, moved to dismiss the complaint as untimely. This is a core proceeding susceptible of final determination by this Court. 28 U.S.C. § 157(b)(2)(I). The motion to dismiss, which will be considered a motion for summary judgment to the extent there are factual matters, should be granted.

■ Braun filed chapter 7 on August 19, 1985. On September 9, 1985 the clerk sent out a notice setting October 4, 1985 as the meeting of creditors pursuant to 11 U.S.C. § 341(a). The notice also advised that any complaints objecting to the dischargeability of any debts or objecting to the debtor's discharge altogether had to be filed within 60 days of the first date set for the § 341(a) meeting, i.e., on or before 60 days after October 4, 1985. Caffall Bros. filed this dischargeability complaint, its second, on May 12, 1986. It is untimely. Likewise, its first dischargeability complaint, which was filed January 2, 1986 and concerned a different debt than the one here at issue, was untimely. *See* "Order Dismissing Adversary Proceeding", *Caffal Bros. Forest Products, Inc. v. Braun (In re Braun)*, Adv. No. 86–0002–S (Bankr.D.Or. Feb. 3, 1986).

■ Caffal Bros. concedes that, unless its complaint falls within the 11 U.S.C. § 523(a)(3)(B) exception, Bankr.R. 4007(c) precludes this Court from extending the time to file a § 523(a)(2), (4) or (6) dischargeability complaint. *See also* Bankr.R. 9006(b)(3). The complaint alleges that the debtor cashed a check made out by plaintiff to an M.J. Thomas Nicholson by forging Nicholson's endorsement and subsequently converted the proceeds. Caffall Bros. alleges it did not learn of the forgery, and thus the debt, until April 16, 1986. Since the debtor failed to describe the forgery in his schedules, Caffall Bros. argues that this is a debt covered by the exception in 11 U.S.C. § 523(a)(3).

The problem with this argument is that regardless of the adequacy of the scheduling of the debt, Caffal Bros. did have notice of Braun's bankruptcy. They were scheduled as creditors, listed on the mailing ma-

**194**

trix and do not deny receiving notice of the bankruptcy. On its face, § 523(a)(3)(B) precludes creditors, such as plaintiff, who receive notice or have actual knowledge of the *bankruptcy case* in time to file a non-dischargeability complaint, from filing an untimely § 523(a)(2), (4), or (6) complaint, notwithstanding the fact that the nature of their debt fails to appear on the debtor's schedules. Caffall Bros. has not cited, and the Court has not found, any case which somehow explains away this proviso to § 523(a)(3)(B) to permit a creditor, who has timely notice or knowledge of the case but is unaware of the basis for a potential § 523(a)(2), (4) & (6) complaint until after the Bankr.R. 4007(c) statute of limitations has run, to file such a complaint under § 523(a)(3). Consequently, whether styled as a complaint under § 523(a)(4) or § 523(a)(3)(B), this adversary proceeding is untimely and must be dismissed.

■ Alternatively, I find that this debt was properly "listed" and "scheduled under Section 521(1) ... with the name, if known to the debtor, of the creditor." Listing of the creditor and the creditor's knowledge of the bankruptcy provides the focus of 11 U.S.C. § 523(a)(3). It would be unreasonable to interpret 11 U.S.C. § 523(a)(3) as also requiring a debtor to virtually confess to forgery in order to alert the creditor in the schedules to grounds of nondischargeability under subsections (2), (4) and (6) as the price of the fresh start promised by the time bar in 11 U.S.C. § 523(c).

Issues of collateral estoppel arising from the first dismissal were not raised by the defendant and for this reason were not discussed.

A separate order dismissing this case on the merits and with prejudice shall be entered.