**In re Rodney B. KRAGNESS and Aileen R. Kragness, Debtors.**

**Bankruptcy No. 683–08423.**

United States Bankruptcy Court,
D. Oregon.

Feb. 8, 1988.

**554**

William M. McAllister, Portland, Or., for debtors.

Keith Y. Boyd, McGavic & Boyd, P.C., Eugene, Or., for trustee.

Randall Jordan, Dept. of Justice, Civil Enforcement Div., Salem, Or., Portland, Or., for Employment Division, State of Or.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE,
Bankruptcy Consultant.

This matter comes before the court upon the amended proof of claim of the Employment Division of the Department of Human Resources of the State of Oregon (ED) and the trustee's objection thereto. The parties have consented to a determination of this matter by the bankruptcy consultant. Accordingly, this opinion is entered pursuant to Miscellaneous Order 87–21 of the United States District Court for the District of Oregon.

## BACKGROUND

On April 6, 1987, the trustee, Gordon C. York, Inc., filed objections to numerous claims, including the claim of ED. In its objection, the trustee indicates that ED's claim is untimely and any payment thereon should be subordinated to timely filed claims.

ED requested a hearing on the trustee's objection. Accordingly, a hearing was held on September 8, 1987, at which the parties stipulated to the following facts.

Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on December 7, 1983. The first date set for the § 341(a) meeting of creditors was January 10, 1984. The ninety (90) day period for the timely filing of proofs of claim prescribed by B.R. 3002(c) expired on April 10, 1984. On November 1, 1984, ED filed a priority tax claim for unpaid unemployment insurance taxes in the amount of $3,317.82. These taxes were for the period of time between January 1, 1982 and December 2, 1983.

Under Oregon law (O.R.S. Chapter 657), not all employers are subject to unemployment insurance taxes. Those that are, however, are required to register with the ED by submitting a combined employers' registration form and to file quarterly reports, (by which the taxes are calculated). Debtors did neither.

At the time the debtors filed their petition for relief herein, ED's policy was to request notices from this court of all bankruptcy petitions filed in the District of Oregon. In accordance with that policy, ED received notice of the debtors' bankruptcy in a timely manner.

Debtors, however, did not schedule ED as a creditor in their schedules. When ED received notice of debtors' bankruptcy it checked its records and found that debtors had not registered as a subject employer and that debtors had not submitted any quarterly reports. Accordingly, ED assumed that debtors were not subject to the unemployment insurance taxes and it discarded the bankruptcy notice.

In July, 1984, ED received a request from the Internal Revenue Service (IRS) seeking information on how much unemployment insurance taxes debtors had paid. On July 30, 1984, ED's Salem office requested that its Eugene office perform an audit of debtors to see if debtors were, in fact, subject employers subject to unemployment insurance taxes. The Eugene office conducted such an audit in August, 1984 and found that debtors were subject employers from January 1, 1982 to Decem-

ber 2, 1983. In the course of the audit, debtors advised the auditor about their pending Chapter 7 bankruptcy case.

The trustee contends that ED's claim was not timely filed. Accordingly, the trustee proposes to make no payment on ED's claim until all timely filed claims have been paid in full. The trustee argues that, upon receipt of the initial bankruptcy notice, ED could have filed a protective claim or a motion for an extension of time to file claims under B.R. 3002(c)(1). Since ED did neither, its claim must be subordinated as provided in 11 U.S.C. § 726(a)(3).

ED maintains that it did not receive effective notice of the bankruptcy in time to file a timely proof of claim, as such, its claim should not be subordinated.

In its claim, ED claims that its claim is entitled to priority as a tax claim pursuant to 11 U.S.C. § 507.

The validity and amount of ED's claim are not in dispute. The trustee has not contested the fact that ED would be entitled to priority distribution if its claim is treated as timely. This court must, therefore, decide what priority should be accorded to ED's claim in the distribution of the bankruptcy estate herein.

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 U.S.C. unless otherwise indicated.

Did the ED have notice of the debtors' bankruptcy case in time to have filed a timely proof of claim? ED admits that it did receive a timely notice of this bankruptcy case pursuant to its policy requesting notice of all bankruptcies filed in this district. It argues, however, that since debtors had not registered with the ED and had not filed any quarterly reports, the ED had no reason to believe that it was a creditor in this case, hence, the effective notice of the bankruptcy came when the debtors informed ED's auditor about this case in August, 1984, long after the time specified in B.R. 3002(c) had passed.

A similar problem was before the court in *Caffal Bros. Forest Products, Inc. v. Braun, (In re Braun)*, 84 B.R. 192 (Bankr. D.Or.1986) (Sullivan, J.). In that case, the plaintiff filed an untimely complaint to determine the dischargeability of a debt under § 523. The plaintiff conceded that it had received timely notice of the bankruptcy case, but argued that it did not learn of the grounds that gave rise to its complaint to determine dischargeability under § 523(a)(2), (4), or (6) until after the prescribed time for filing such complaints. The court dismissed the plaintiff's complaint stating that: "The problem with this argument is that regardless of the adequacy of the scheduling of the debt, Caffal Bros. did have notice of Braun's bankruptcy."

In short, the operative fact is whether or not the creditor has notice of the debtor's bankruptcy proceeding in time to file a timely proof of claim under § 726 or a complaint to determine dischargeability under § 523. The fact that the creditor may not be aware of the nature of its claim or the fact that it has a claim at all, is not determinative for the purposes of the timeliness requirement of § 726 and B.R. 3002(c).

Since the ED admits that it received a timely notice of this bankruptcy case, I conclude that it did have notice of the debtors' bankruptcy case in time to have filed a timely proof of claim herein.

Relying upon *In re Sitzberger*, 65 Bankr. 256 (Bankr.S.D.Cal.1986), however, the ED argues that this court may treat its claim as having been timely filed. In *Sitzberger*, the court on similar facts involving a Chapter 11 debtor, extended the IRS' time for filing under B.R. 3003(c)(3) and § 105, finding that IRS' neglect in not filing a timely claim was excusable under B.R. 9006(b).

The ED overlooks, however, the differences between a Chapter 11 reorganization case and a Chapter 7 liquidation case. In Chapter 11, the court fixes the time for the filing of proofs of claim and may extend the time for filing proofs of claim pursuant to B.R. 3003(c)(3). In Chapter 7, the time for filing proofs of claim is governed by B.R. 3002(c). This court may

extend the time for filing a proof of claim under B.R. 3002(c) only to the extent allowed in that rule. B.R. 9006(b)(3). B.R. 3002(c) provides in pertinent part as follows:

> In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:
>
> (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof ...

The ED did not file its proof of claim within the 90 day period prescribed by B.R. 3002(c), nor did it move for an extension of time to so file within the time allowed by B.R. 3002(c)(1). This court is, therefore, without power to extend the time for the filing of ED's claim and may not treat the claim as a timely filed claim.

The distribution of a Chapter 7 estate is controlled by § 726 which provides in pertinent part as follows:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
>
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
>
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is
>
> (A) timely filed under section 501(a) of this title;
>
> (B) timely filed under section 501(b) or 501(c) of this title; or
>
> (C) tardily filed under section 501(a) of this title, if—
>
> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim under section 501(a) of this title; and
>
> (ii) proof of such claim is filed in time to permit payment of such claim;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection; ...

Section 726(a) divides late unsecured claims into two classes. Those claims where the creditor did not have notice of the case in time to file a claim on a timely basis, "no notice" creditors and other late claims.

▮ Read literally, § 726(a)(1) would encompass the ED's claim as § 726(a)(1) does not differentiate between timely and untimely priority claims. This court agrees, however, with other courts that have distinguished between timely and untimely priority claims. *In re Magnuson*, slip op. No. 480-1706(0), (Bankr.D.Minn. Oct. 4, 1982) (Owens, J.) (unpublished). There, the court reasoned that:

1. There is a practical necessity for finality in filing and paying priority claims. Without construing Section 726(a)(1) to require timeliness as a condition to priority in payment, a priority claim filed any time prior to termination of the case would have to be satisfied before any other timely non-priority claim is paid. If any claim had been paid before the tardy priority claim was actually filed, recipients of disbursed funds would have to return sufficient funds, pro rata, to satisfy the tardy priority claim. That situation would be unworkable.

2. The distribution scheme of Section 726 ... contemplates preferential treatment to claims that are properly filed within the prescribed filing period. In essence, diligent creditors are rewarded at the expense of dilatory creditors. There is no dispute that a general unsecured creditor who files within the prescribed time period is given priority in distribution over a similar creditor who failed to file before expiration of the filing period.

No persuasive reason has been advanced why tardy priority claims should stand on equal footing in distribution with timely priority claims or stand on higher footing than timely non-priority claims. In light of the explicit preference given generally to timely filed claims and the administrative havoc that

would be engendered by removing any time limitation on filing priority claims, Congress must have intended Section 726(a)(1) to implicitly require a timely filing of priority claims in order to be endued with first priority distribution status.

Under the *Magnuson* rationale, untimely priority claims are subordinated to the level of distribution provided for in § 726(a)(3).

■ Section 726(a)(2) allows a "no notice" unsecured creditor to escape the penalty imposed by § 726(a)(3). Once again, however, the "notice" referred to is "... notice or actual knowledge of the case ..." § 726(a)(2)(C)(i). Thus, lack of knowledge or notice about the existence or the nature of the creditor's claim does not qualify the creditor as a "no notice" unsecured creditor.

■ Accordingly, applying the *Magnuson* rationale, the ED's claim must be subordinated to the level of distribution provided for in § 726(a)(3).

The trustee's objection should be sustained and ED, for distribution purposes, shall be entitled to share in the estate only as provided in § 726(a)(3), an order consistent herewith shall be entered.