In re Martin LEVY, Debtor.

Martin LEVY, Plaintiff,

v.

BANK OF THE ORIENT, Defendant.

Bankruptcy No. 1–82–00958.
Adv. No. 1–88–0049.

United States Bankruptcy Court,
N.D. California.

June 22, 1988.

**108**

Bronson, Bronson & McKinnon, Harvey W. Hoffman, Timothy W. Hoffman, Santa Rosa, Cal., for debtor.

Randolph L. Howard, Douglas A. Voorsanger, Frandzel & Share, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

There are no disputed issues of fact in this case. When the debtor filed his Chapter 7 petition in 1982, he was a defendant in a state court suit brought by Bank of the Orient; this debt was duly scheduled. Two years later, long after the debtor's discharge was entered, a codefendant in the state court action filed a cross-complaint against First Interstate Bank, which had also been scheduled as a creditor in the bankruptcy as to an unrelated debt. First Interstate then filed a cross-complaint against the debtor for indemnity. The propriety of this cross-complaint is the central issue here.

Instead of ignoring the cross-complaint or immediately seeking the protection of the bankruptcy court, the debtor, in pro per, filed an answer to the cross-complaint raising his discharge as a defense. Thereafter, through inadvertence the debtor allowed the state court action to proceed to trial in his absence. At trial, First Interstate filed an amended cross-complaint against the debtor and obtained a judgment on it. The state court made a finding that the debt was not discharged. Since Bank of the Orient had been assigned First Interstate's rights pursuant to a settlement before the trial, it is the real party in interest here. The debtor brought this adversary proceeding when Bank of the Orient took steps to enforce the judgment.

At first impression it seemed that the state court judgment, although clearly erroneous in its finding that the debt sued upon was not discharged, was valid and binding upon this court. 28 U.S.C. section 1334(b) provides that the district courts (and hence the bankruptcy courts) have original *but not exclusive* jurisdiction over all civil proceedings arising under the Bankruptcy Code. The advisory committee note to Bankruptcy Rule 4007 specifically states that jurisdiction over dischargeability issues, except those covered by section 523(c) of the Bankruptcy Code, is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum. On the face of it then, once the debtor placed the issue of dischargeability before the state court that court had jurisdiction to decide the issue.

However, validating the state court judgment is troublesome because of the language and intent of section 524(a) of the Bankruptcy Code. Section 524(a) was designed and intended by Congress to eliminate historical circumvention of bankruptcy law through state court proceedings. In the old days, creditors would sue the debtor on a discharged debt in state court and, when the debtor through ignorance, inadvertence, or inability to afford counsel failed to plead the discharge as an affirmative defense, the discharge would be deemed waived and the debtor was subject to an enforceable judgment. Section 524(a) was designed to void any judgment obtained before or after the discharge *without requiring the debtor to take any action at all.* 3 Collier on Bankruptcy (15th Ed.), section 524.01, p. 524–9.

If section 524(a) was designed to protect the debtor from inadvertently losing the benefits of his discharge, it is difficult for the Court to find that the debtor here inadvertently turned a void action into a valid one by answering it. Moreover, it does not matter for jurisdictional purposes whether the issue of dischargeability is raised by affirmative defense or by allegation in the complaint.[1] Therefore, if the law is as

---

1. Because the Court finds that it may look behind the state court judgment, it need not deal

urged by the Bank of the Orient, then a creditor can sue the debtor after discharge, allege that the debt was not discharged, and when the debtor defaults obtain a valid judgment. This is exactly what section 524(a) was meant to eliminate.

■ There is a resolution of this matter which preserves the protections of section 524(a) without depriving the state court of its concurrent jurisdiction. There is an important exception to the applicability of the doctrines of res judicata and collateral estoppel; they are generally not binding upon the bankruptcy court in dischargeability cases. *In re Daley* (9th Cir.1985) 776 F.2d 834, 839; *In re Comer* (9th Cir.1984) 723 F.2d 737, 740; *In re Houtman* (9th Cir. 1978) 568 F.2d 651, 653; *In re Harck* (9th Cir.B.A.P.1987) 70 B.R. 118, 121. While those cases dealt generally with state court default judgments taken before bankruptcy and relating to issues under sections 523(a)(2), (4), and (6) of the Code, there is no reason to limit their holdings to only those types of discharge cases or to cases commenced before the bankruptcy when to do so would thwart the congressional intent manifest in section 524(a) to protect the debtor from inadvertent and unmeritorious loss of his discharge rights. See, e.g., *In re Williams* (Bkrtcy.N.D.Ga.1980) 3 B.R. 401, in which the bankruptcy court declined to give res judicata effect to a state court judgment that a debt was nondischargeable under section 523(a)(5). Accordingly, the Court finds that while principles of res judicata may apply when both sides have fully argued a dischargeability case to the state court, they do not preclude a different result in the bankruptcy court where the state court judgment was rendered in the absence of the debtor.

■ Nor does the Court think that 28 U.S.C. section 1738 requires it to blindly allow enforcement of a default judgment it knows to be erroneous. While that statute does require the bankruptcy court to give full faith and credit to state court decisions, the Court believes that the proper rule of law was stated by Circuit Judge Gibbons in his concurring opinion in *Matter of McMillan* (3rd Cir.1978) 579 F.2d 289, 294:

> [W]e should admit an exception to the federal duty to recognize state court judgments imposed by section 1738. When congress expressly identifies an abuse, when it has the constitutional power to correct it, and when as here it exercises that power, then the courts should give the congressional act its full effect.

■ This Court can give full effect to the debtor's rights under section 524(a) of the Bankruptcy Code only by reviewing the merits of the judgment rendered by the state court in the absence of the debtor. For the reasons stated above, the Court finds that it has the power and the obligation to do so.

■ The state court judgment cannot withstand scrutiny on the merits. It is based solely on *Matter of Frenville Co., Inc.* (3rd Cir.1984) 744 F.2d 332, which has been universally criticized and is not followed outside the Third Circuit. *Grady v. A.H. Robbins Co., Inc.* (4th Cir.1988) 839 F.2d 198, 201; *In re Baldwin–United Corp.* (2nd Cir.1985) 765 F.2d 343, 348 n. 4. In *In re Christian Life Center* (9th Cir. 1987) 821 F.2d 1370, 1374, the Ninth Circuit implicitly rejected *Frenville*. See *In re Amfesco Industries, Inc.* (Bkrtcy.E.D.N.Y. 1988) 81 B.R. 777, 782.

The undisputed fact is that First Interstate had actual notice of the bankruptcy in a timely manner. This rendered any debt owed to it, and not merely those scheduled, discharged unless a timely complaint was filed in this court pursuant to section 523(c) of the Code. *In re Ricketts* (9th Cir.B.A.P. 1987) 80 B.R. 495, 498; *In re Braun* (Bkrtcy.D.Ore.1986) 84 B.R. 192, 194.

---

with the issues raised by the debtor pleading the discharge as an affirmative defense in answer to the cross-complaint. However, the Court does note that the state court judgment was rendered on an amended cross-complaint filed at the trial and in the absence of the debtor. The debtor therefore never even saw, let alone responded to, the complaint upon which the judgment was rendered.

For the above reasons, the Court finds that the debt sued upon was discharged and the judgment is void pursuant to section 524(a)(1) of the Bankruptcy Code. A permanent injunction shall issue prohibiting any attempt to enforce the judgment. Each side shall bear its own costs and attorneys' fees.

Counsel for the debtor shall submit an appropriate form of judgment.