**PENSION BENEFIT GUARANTY CORP., Plaintiff,**

v.

**Dale C. ECKERT and Carol M. Eckert, Defendants.**

Bankruptcy No. SA CV 92–435 AHS (RWRx).

United States District Court, C.D. California.

Jan. 20, 1993.

Donna J. Everett, Asst. U.S. Atty., Civil Div., Los Angeles, CA, Marc A. Tenenbaum, Pension Ben. Guar. Corp., Washington, DC, for plaintiff.

Michael S. Goergen, Cantor & Weinshenk, Encino, CA, for defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

STOTLER, District Judge.

**I.**

***INTRODUCTION***

On August 14, 1992, defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted. On September 24, 1992, plaintiff filed opposition. Defendants filed a reply on November 16, 1992.

After hearing oral argument on November 23, 1992 the Court ruled as follows: defendants request for judicial notice was granted; defendants motion to dismiss for

lack of subject matter jurisdiction was denied; defendants' motion to dismiss for failure to state a claim was treated as one for summary judgment pursuant to Fed. R.Civ.P. 12(b); insofar as the motion challenged plaintiff's claim for injunctive relief, it was denied. In order to resolve the remainder of the defendants' motion, which challenges plaintiff's claim for restitution, the Court called for a supplemental briefing on the following issues:

(1) Whether referral of plaintiff's claim for restitution to the bankruptcy court pursuant to 28 U.S.C. § 157 is appropriate and/or advisable, or whether such referral is inappropriate because the issues presented fall within the mandatory withdrawal of reference provision of 28 U.S.C. § 157(d);

(2) Whether plaintiff's claim in fact is the type of debt described in 11 U.S.C. § 523(a)(4); and

(3) Whether a creditor, which does not affirmatively deny receiving notice of a debtor's bankruptcy proceeding, may avoid summary judgment on the issue of dischargeability of a debt under 11 U.S.C. § 523(a)(3)(B) by producing evidence that, even if it had received notice in a timely fashion, it would not have known that it had a claim to pursue at that time. *See e.g., In re Braun,* 84 B.R. 192 (Bankr.D.Or.1986).

Plaintiff filed its supplemental memorandum on December 21, 1992; defendants filed theirs on January 11, 1993. The matter was set for further hearing on the Court's January 25, 1993 calendar. The Court, having received, read and considered the foregoing, finds the matter appropriate for submission on the papers without oral argument. *See* Local Rule 7.11 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R.Civ.P. 78. The matter is, therefore, removed from the Court's January 25, 1993 calendar.

## II.

### *DISCUSSION*

A. *Referral to the Bankruptcy Court*

In its supplemental memorandum, plaintiff argues that if its claim for restitution were referred to the bankruptcy court, it would have to be promptly removed under the mandatory withdrawal provisions of 28 U.S.C. § 157(d). Defendants chose not to contest plaintiff's argument and instead "submit to jurisdiction pursuant to 28 U.S.C. § 157(d)."

Since plaintiff's claim may be determined by this Court, and since defendants no longer seek the venue of the bankruptcy court, the Court will not refer plaintiff's restitution claim to the bankruptcy court.

B. *The Applicability of 11 U.S.C. § 523(a)(4)*

■ Plaintiff urges that its claim falls squarely within section 523(a)(4) since "defalcation while acting in a fiduciary capacity" encompasses breaches of fiduciary duties under ERISA. Despite the Court's specific request that both parties address this issue, defendants do not even mention the issue or attempt to rebut plaintiff's argument.

Accordingly, pursuant to Fed.R.Civ.P. 56(d), and in light of the authorities cited by plaintiff, the Court finds that it is without substantial controversy that plaintiff's claim falls within the ambit of section 523(a)(4). The Court does not reach the issue of whether defendants, in fact, breached their fiduciary duties under ERISA, but merely finds that plaintiff's restitution claim, which is based on such alleged breaches, is one for "fraud or defalcation while acting in a fiduciary capacity."

C. *The Adequacy of Notice to PBGC of Defendants' Bankruptcy Proceeding*

■ The remaining issue to be decided is whether plaintiff's restitution claim against defendants is precluded by the fact that defendants' debts were discharged in bankruptcy nearly four years before the filing of the complaint and the fact that defendants listed plaintiff as a creditor on their schedule of creditors and mailing matrix. Defendants have previously submitted the

bankruptcy clerk's Certificate of Mailing, which creates a presumption of receipt by plaintiff, who was listed. *In re Bucknum*, 951 F.2d 204 (9th Cir.1991).

Plaintiff argues, however, that defendants' alleged debt to plaintiff should not be considered discharged since (1) even if plaintiff had proper notice of defendants' bankruptcy case, plaintiff could not have known that it had a claim against defendants until after the bankruptcy because of defendants' previous misrepresentations to plaintiffs; (2) the rationale of *In re Braun*, 84 B.R. 192 (Bankr.D.Or.1986), which led the court in that case to the opposite conclusion, should be rejected; and (3) even if notice was properly given to plaintiff, no notice was given to the United States Attorney as required by Bankruptcy Rule 2002(j)(4).

Plaintiff also submits the supplemental declaration of Jacqueline Washington who asserts that she has found no evidence that plaintiff received any documents relating to defendants' bankruptcy despite a record search and that to the best of her knowledge, no one working for plaintiff knew of the defendants' bankruptcy until late 1989. Finally, plaintiff submits the declaration of Matthew Vitello, who states that mail sent to plaintiff's Atlanta address (the address used by defendants to notify plaintiff of their bankruptcy) which is unrelated to premium payments is routinely forwarded to plaintiff's main office in Washington, D.C.

Defendants assert that, based on Mr. Vitello's declaration, notice of defendants' bankruptcy should have reached plaintiff's Washington, D.C. office, thus vitiating plaintiff's prior complaint that the notice had been sent to the incorrect address. Defendants also challenge the probative value of Ms. Washington's declaration. Finally, defendants urge the Court to follow the rationale of *Braun*, which defendants assert is designed to provide debtors with a fresh start. Defendants do not respond, in their supplemental memorandum, to plaintiff's argument that notice of defendants'

bankruptcy should have been sent to the U.S. Attorney; however, in their previously submitted reply brief, defendants argued that Bankruptcy Rule 2002(j)(4) places a duty on the bankruptcy clerk, not the debtors.

■ Defendants have not shown that they are entitled to judgment, as a matter of law, on plaintiff's claim for restitution. Fed.R.Civ.P. 56(c). First, the Court declines to follow *Braun*, which held that so long as a creditor received notice or had actual knowledge of the bankruptcy proceeding in time to file a dischargeability complaint, 11 U.S.C. § 523(a)(3)(B) bars an untimely filed complaint, even though the nature of the debt was not listed on the debtor's schedules, and the creditor had no knowledge of its claim against the debtor due to the debtor's fraudulent activity. The Court recognizes that the application of the holding in *Braun* to this case would bar plaintiff's claim assuming proper notice was provided to plaintiff of the defendants' bankruptcy *case*. The *Braun* court noted that it had uncovered no authority to the contrary.

In this case, however, plaintiff has pointed to the decision in *In re Dewalt*, 961 F.2d 848 (9th Cir.1992), in which the Ninth Circuit reversed a decision of the Bankruptcy Appellate Panel which had upheld the dismissal of an untimely filed dischargeability complaint. Although the factual circumstances of *Dewalt* differ slightly from the case at bar, the rationale is applicable. The Court of Appeals reasoned that the language of section 523(a)(3)(B) should not be interpreted strictly where the creditor's untimely filing was a direct result of the debtor's negligence. Assuming that the facts which plaintiff has introduced thus far are true, plaintiff's long delay in bringing this action, in which it must establish that its debt is nondischargeable, was caused directly by defendants' fraudulent misrepresentations to plaintiff regarding the status of defendants' ERISA plan.[1]

---

1. In its response to defendants' motion to dismiss, filed September 24, 1992, plaintiff submitted the declaration of Ms. Washington who asserted that plaintiff did not discover its claim against defendants until after the conclusion of defendants' bankruptcy proceeding due to earli-

Applying the logic of *Dewalt*, defendants should not be able to avoid plaintiff's claim for restitution to the ERISA plan based on its untimely filing, where that untimely filing appears to have been the result of defendants' own misconduct.

Moreover, defendants have failed to convince the Court that they gave proper notice of their bankruptcy case. While the notice to the plaintiff, PBGC, appears to have been sufficient in light of the holding of *Bucknum*, defendants did not give notice to the United States Attorney as required by Bankruptcy Rule 2002(j)(4). *See In re Divco Philadelphia Sales Corp.*, 60 B.R. 323 (Bankr.E.D.Pa.1986) (refusing to bar late filed claim of PBGC where debtor had not listed the U.S. Attorney on its mailing list, even though notice had arguably been given to PBGC).

### III.

### *CONCLUSION*

In light of the foregoing, the Court denies defendants' motion to dismiss, which the Court has treated as a motion for summary judgment. Defendants are directed to file and serve their answer to plaintiff's complaint not later than 30 days from the date of this order.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.

er misrepresentations by defendants that their ERISA plan was fully funded. Defendants have

yet to contradict this evidence.