**In re Leon J. SCHEMPER, Debtors.**

**No. 00–00245S.**

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Dec. 10, 2003.

386

Donald H. Molstad, Jeffrey R. Mohrhauser, Wil L. Forker, Sioux City, IA, for Debtor.

## MEMORANDUM DECISION: CREDITOR'S OBJECTION TO FINAL REPORT

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is an objection to the trustee's final report, including his report on claims. Although the objection was filed by Clarence Schemper, the attorney filing the objection said that it was intended to be filed by O'Brien County Implement Finance. Hearing on the objection was held on November 20, 2003 in Sioux City. Donald H. Molstad appeared as attorney for O'Brien County Implement Finance. Wil L. Forker appeared as the trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

Leon J. Schemper filed his chapter 7 petition on February 8, 2000. The notice to creditors of the filing of the case told them not to file claims. They were informed that if there would be assets available to pay creditors, they would be further notified of the deadline for filing claims.

Vern and Harriet Schemper, the parents of the debtor, have ownership interests in O'Brien County Implement, a company located in Sheldon, Iowa. The company sells and repairs farm equipment. Mr. and Mrs. Schemper also are owners of O'Brien County Implement Finance, a company which lends money to finance purchases at O'Brien County Implement. The mailing address for both companies is P.O. Box 156, Sheldon, Iowa 51201. Mr. and Mrs. Schemper also receive their personal mail at the post office box, although they reside at 1165 East Sixth Street, Sheldon, Iowa 51201. This is apparently the same street address where O'Brien County Implement and O'Brien County Implement Finance are located. The mail delivered to the post office box is normally picked up by either Vern, Harriet, a son, or an employee of one of the two companies. It is taken to the office of O'Brien County Implement where it is sorted. The sorting may be done by any one of a number of persons. The mail for O'Brien County Implement Finance and for Mr. and Mrs. Schemper is placed in a particular drawer marked "personal mail." It is thereafter opened by Vern or Harriet.

Between 1998 and 2000, O'Brien County Implement Finance loaned the debtor Leon J. Schemper approximately $149,000.00. The debt is represented by six promissory notes.

In January 2000, Vern and Harriet Schemper, as they had often previously done, went for an extended vacation in Arizona. They had their personal mail forwarded to their address in Arizona. During their stay in Arizona, Vern had surgery to treat prostate cancer. His recovery was painful. The trip home by car in the middle of March was uncomfortable. After returning, Vern at first went back to work only on a limited basis. Harriet went to work on her normal schedule. While they were in Arizona, necessary paperwork for O'Brien County Implement Finance was handled by their granddaughter. Once they returned, Harriet managed the paperwork.

Before they left, Vern and Harriet were aware that their son planned to file bankruptcy. Leon filed his petition on February 8, 2000, during the time his parents were in Arizona. The court takes judicial notice that on February 10, 2000, the official notice of Leon's filing was served on Vern and Harriet Schemper dba OBCIF at 1165 East Sixth St., Sheldon, Iowa 51201. Vern testified that he was aware that Leon had filed bankruptcy at the time he filed.

In his schedules, Leon listed an unsecured debt to Clarence Schemper in the amount of $50,000.00. Clarence was served with notice of the case at 800 Country Club Road, Sheldon, Iowa 51201. Also, Leon scheduled an unsecured debt of $70,000.00 to OBCI Finance Co., located at 1165—6th St., Sheldon, Iowa 51201. It is conceded by Vern Schemper, on behalf of O'Brien County Implement Finance, that although the address should have been 1165 *East* Sixth St. (emphasis added), mail nonetheless would have been delivered to the post office box.

On March 28, 2000, after Schempers had returned from Arizona, the clerk served the notice of possible dividend and notice of deadline for filing timely proofs of claim (see docket no. 9). It was served on Vern and Harriet, dba OBCIF, at the 1165 East Sixth Street address in Sheldon. The deadline for filing timely claims was set as June 26, 2000. Vern Schemper testified

that he has no recollection of being notified of the deadline for filing claims. He says he has looked for the notice and has been unable to find it. He says he looked in the company's file kept on Leon's bankruptcy. The company has received other bankruptcy court notices sent to the address at 1165 East Sixth Street in Sheldon. When Vern Schemper received the notice of the trustee's final report, including his report on claims, he saw that O'Brien County Implement Finance was not receiving a distribution in the case.

Molstad, as attorney for O'Brien County Implement Company, electronically filed a claim on behalf of Clarence Schemper for the debt to O'Brien County Implement Company. It was identified by the clerk of court as claim number 11. The claim was filed on September 26, 2003, more than three years after the claims deadline. It was a claim for $149,000.00 and it attached copies of the six promissory notes from Leon Schemper to O'Brien County Implement Finance.

On November 14, 2003, the attorney filed a proof on behalf of O'Brien County Implement Finance for the $149,000.00 claim, attaching copies of the six notes from Leon to O'Brien County Implement Finance. It was identified by the clerk as claim number 12.

Previously, on June 5, 2000, Clarence Schemper, who had been scheduled as an unsecured creditor, filed a proof of claim in the amount of $50,000.00 plus interest in the amount of $4,500.00 based on money loaned to the debtor in 1998. It was identified by the clerk as claim number 9. The trustee objected to this as part of his final report because of Clarence Schemper's failure to provide any documentation of the loan. On October 14, 2003, attorney Molstad filed an objection to the final report on behalf of Clarence Schemper stating that Schemper had filed an amended claim

to include documentation (docket no. 34). He may have been referring to claim number 11. An amended proof of claim by Clarence Schemper was filed on November 17, 2003. It was identified by the clerk as claim number 13. The attachment noted that

[o]n November 27, 1997, I loaned Leon Schemper the sum of $50,000.00. That said debt was an oral debt and Mr. Schemper made one payment of interest in 1998 and no payments have been made since that date.

Attachment to claim number 13.

On November 4, 2003, prior to the filing of claim number 13, and based on claim number 11, the trustee filed an amended report on claims allowing Clarence Schemper's claim in the amount of $149,000.00. Attorney Molstad, on behalf of O'Brien County Implement Finance, and trustee Forker, agreed at the hearing that claim number 13 corrects Clarence Schemper's failure to attach documentation to claim number 9 and that claim number 11, for which the trustee proposes to pay a dividend, was filed in error.

The matter before the court is whether the untimely claim of O'Brien County Implement Finance (claim no. 12) should be treated as timely under the Bankruptcy Code because of a failure of the claimant to receive timely notice of the claims deadline.

▇▇▇ The claim of O'Brien County Implement Finance, although tardily filed, may be treated equally with timely filed claims, if the creditor "did not have notice or actual knowledge of the case in time for timely filing a proof of claim...." 11 U.S.C. § 726(a)(2)(C). There is no question that O'Brien County Implement Finance Company had notice of the case from its filing. It had notice of the case in sufficient time to permit filing of a timely

proof of claim. Lack of knowledge of the claims bar date is irrelevant to the treatment of the claim. *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1433 (9th Cir. 1990) *citing In re Kragness,* 82 B.R. 553, 555 (Bankr.D.Or.1988). Notwithstanding that the company may not have received the notice of the claims filing deadline, it should have monitored the case to protect its interests.

■ Moreover, if knowledge of the claims filing deadline were necessary to preclude treatment of the claim as if it were timely, I would not sustain the company's objection to the final report. The notice of the claims deadline was properly served on the company at an address reasonably calculated to reach it. See docket no. 10, clerk's proof of service.

■ Fed. R.Bankr.P.2002 permits service of notices by first class mail. There is a strong presumption at law that mail handled by the U.S. Postal Service, which is properly addressed and stamped, will be received by the addressee. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932). *See also,* Fed. R.Bankr.P. 9006(e). In the Eighth Circuit, this is a "very strong presumption." *Arkansas Motor Coaches v. Commissioner of Int. Rev.,* 198 F.2d 189, 191 (8th Cir.1952). ("While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption.") This presumption is further reinforced when the mailing party, like the clerk's office, is a governmental agency which follows carefully regulated procedures governed by bankruptcy law. A "mere assertion" that a party did not receive a mailing is insufficient to overcome the presumption of a received mailing. *Moody v. Bucknum (In re Bucknum),* 951 F.2d 204, 206–07 (9th Cir.1991). ("'Where the bankruptcy court record

shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice.'") *Quoting Osborn v. Ricketts (In re Ricketts),* 80 B.R. 495, 497 (9th Cir. BAP 1987). The presumption is *not irrebuttable,* however, and may be overcome by evidence to the contrary. Courts have accepted that an affidavit of non-receipt, if accompanied by a statement of regular and standardized office procedures which the allegedly non-receiving party engages in when receiving mail, would be sufficient to overcome the presumption of proper receipt under Fed. R.Evid. 301. *Currell v. Taylor (In re Taylor),* Bankr.No. 87–01882C, slip op. at 9 (Bankr.N.D.Iowa, July 22, 1988), *citing Merrill, Lynch, Pierce, Fenner Smith, Inc. v. Dodd (In re Dodd),* 82 B.R. 924, 928 (N.D.Ill.1987).

■ The company's evidence is an assertion by Vern Schemper that he does not remember receiving the notice of the deadline and cannot find such a notice among the company's papers. This is insufficient to rebut the presumption of receipt. Other persons often picked up mail and sorted it, and Vern's spouse often dealt with correspondence after its receipt. Vern's testimony does not show non-receipt by the company. It proves only that he does not remember seeing the document. The objection to the trustee's final report will be overruled. Nonetheless, O'Brien County Implement Finance has filed a tardy claim which has not been considered in the final

report. Unless there is an objection to its allowance, it is deemed allowed. It will receive a distribution, if any, under 11 U.S.C. § 726(3). Unless the trustee objects to the allowance of the claim in an amended report, the trustee must treat the claim in his distribution scheme.

Last, I must deal with the claim of Clarence Schemper. The trustee objected to his timely filed claim (no. 9) for $50,000.00 because of lack of documentation. On September 26, 2003, Clarence Schemper filed claim number 11, for $149,000.00 which attached as documentation the notes from Leon Schemper to O'Brien County Implement Finance. On November 4, 2003, the trustee filed an Amended Report on Claims, providing for distribution to Clarence Schemper based on the $149,000.00 claim. The trustee says now that the claim was filed in error, and the attorney for Mr. Schemper agrees. Clarence Schemper filed claim number 13 on November 17, 2003 providing an explanation of the claim. The amount of claim number 13, which amends claim number 9, is $50,000.00. It is this claim which the trustee must consider, not a claim by Clarence Schemper for $149,000.00. The trustee's proposed treatment of Clarence Schemper's amended claim is not approved.

IT IS ORDERED that the objection of O'Brien County Implement Finance to the trustee's final report is overruled.

IT IS ORDERED that the trustee's final report, including the treatment of the claim of Clarence Schemper, is not approved.