**In re Gordon and Carol WILSON, Debtors.**

**Colene VENHAUS, Appellant,**

**v.**

**Gordon and Carol WILSON, Appellees.**

**BAP No. NC–87–1150–JMeV.**
**Bankruptcy No. 4–80–03185–HS.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 22, 1988.

Decided Dec. 30, 1988.

Daniel C. Payne, Trembath, McCabe, Schwartz, Evans & Levy, Concord, Cal., for appellant.

Lysbeth Goodman, Santa Rosa, Cal., for appellees.

Appeal from the United States Bankruptcy Court for the Northern District of California.

Before JONES, MEYERS and VOLINN, Bankruptcy Judges.

JONES, Bankruptcy Judge:

Appellant, Colene Venhaus, appeals a bankruptcy court order sustaining the Debtors' objection to her claim on the grounds of laches and that Appellant failed to comply with Bankruptcy Rule 3001(e)(2). For the following reasons, we AFFIRM the decision of the bankruptcy court.

## FACTS

In January 1980, the Debtors, Gordon and Carol Wilson, purchased a fire extinguisher servicing business from James Venhaus and his wife, Colene Venhaus, the Appellant herein. The business was known as Safety Right Fire Control and had been owned jointly by Mr. Venhaus and Appellant. In consideration for the transfer of the business, the Debtors executed a promissory note in favor of Mr. Venhaus in the amount of $195,400.

The Debtors subsequently defaulted on the promissory note and Mr. Venhaus filed suit in state court. On September 23, 1980, the Debtors filed a Chapter 13 petition, staying the state court action. On October 3, 1980, Mr. Venhaus filed a timely proof of claim for the amount due on the note. Appellant did not file a claim at that time. On October 28, 1980, the case was converted to a Chapter 7. A trustee was subsequently appointed.

Shortly after the petition was filed, the Debtors brought suit in state court against Mr. Venhaus for fraud and breach of con-

tract in the sale of the business. The Debtors contended that the Venhaus' had misrepresented the value of the business, and that the bankruptcy filing was necessitated by the failure of the business. The Appellant was not named as a defendant in the action. For some reason, the action was not pursued for several years until early 1984, at which time the trustee sought bankruptcy court authorization to pursue the action. The bankruptcy court granted the application and appointed Basil Plastiras as special counsel to the trustee. By that time, the statute of limitations had run with regard to adding Appellant to the complaint, and she could not be joined as a defendant.

On February 3, 1986, the jury in the state court action returned a verdict in favor of the Debtors in the amount of $600,000. On February 4, 1986, the day after the verdict was handed down, Mr. Venhaus and Appellant filed a petition for the dissolution of their marriage. On that date, Mr. Venhaus and Appellant entered into a property settlement agreement pursuant to which Mr. Venhaus assigned his claim in the bankruptcy to Appellant.

Mr. Venhaus appealed the state court judgment and also filed various post-trial motions seeking to set aside the judgment. The parties began negotiating a settlement and the trial judge referred the matter to a neutral judge for settlement discussions. On May 5, 1986, a settlement agreement was reached pursuant to which the fraud verdict was set aside and Mr. Venhaus agreed to pay the Debtors $625,000. Mr. Venhaus' insurance carrier was to pay $500,000 of the judgment. The balance was to be paid by Mr. Venhaus no later than October 5, 1986, and was secured by a note and deed of trust on real property. As part of the settlement agreement, Mr. Venhaus agreed to release his claim in the Wilson bankruptcy "and any claims made on his behalf."

On June 20, 1986, Appellant filed a proof of claim in the Wilson bankruptcy in the full amount of the note, asserting her community interest in the promissory note as well as the interest of Mr. Venhaus that had been transferred to her.

On June 25, 1986, a hearing was held on the Debtors' objection to Mr. Venhaus' claim. The basis for the objection was that Mr. Venhaus had released his claim in the bankruptcy as part of the settlement agreement. At that hearing, it was disclosed to the court that Appellant had filed a proof of claim in the bankruptcy. Mr. Venhaus' attorney conceded that pursuant to the settlement agreement, Mr. Venhaus had indeed relinquished his claim in the bankruptcy. However, he also stated that at the settlement conference he had made it clear to Mrs. Wilson that Mr. Venhaus was only relinquishing *his* interest in the note. Appellant's attorney, also present at that hearing, argued that Appellant's proof of claim was based on her community property interest in the note as well as Mr. Venhaus' interest that had been transferred to her *prior to* the date of the settlement agreement. The Debtors' attorney, apparently unaware of Appellant's proof of claim until that hearing, objected to the claim on the grounds that the transfer of the claim should have been disclosed prior to the settlement. The bankruptcy court took the matter under submission.

On July 7, 1986, prior to the bankruptcy court's ruling on the objection to Mr. Venhaus' claim, Appellant reassigned one-half of the note to Mr. Venhaus in exchange for certain real property. Appellant contends that she reassigned Mr. Venhaus' interest to him in order to protect him from any implication of fraud in negotiating the settlement agreement.

On September 25, 1986, the bankruptcy court issued a memorandum decision sustaining the objection to Mr. Venhaus' claim on the ground that the claim had been relinquished pursuant to the settlement agreement. The court acknowledged that Appellant had recently amended her claim and currently asserted only a one-half interest in the note. The court noted, however, that because no formal objection to Appellant's claim had been filed, the ruling on Mr. Venhaus' claim did not affect the validity or amount of Appellant's claim.

On October 1, 1986, the Debtors filed an objection to Appellant's claim. The Debtors argued that the bar date had passed in 1981 and that Appellant's claim filed in 1986 should be disallowed. The Debtors also argued that Appellant's claim should be construed as a transferred claim within the meaning of Bankruptcy Rule 3001(e)(2) which requires the transferee of a claim to file evidence of the terms of the transfer. They further argued that although Appellant was not named as a defendant in the state court lawsuit, she had participated in the fraud against the Debtors and she should not now benefit from her fraudulent activities. Finally, the Debtors argued that the Venhaus' marital dissolution proceeding was a sham, filed solely for the purpose of obtaining money from the bankruptcy estate. In support of this last contention, the Debtors submitted an affidavit of the owner of a restaurant located across the street from Mr. Venhaus' office building. The restaurant owner stated that she had seen the Venhaus' on a regular basis both before and after the divorce, and had not noticed any change in their outwardly affectionate and loving behavior. It was her opinion that the divorce was a "ruse" and that the Venhaus' did not intend to dissolve their marriage.

In opposition to the objection, Appellant argued that under the settlement agreement, Mr. Venhaus relinquished only his one-half interest in the note and that he had no power to relinquish Appellant's claim. She further argued that even if the proof of claim was tardily filed, she should nevertheless receive payment on her claim pursuant to Code § 726(a)(3) which permits distribution on late filed claims if a surplus remains after all other claims have been paid. Finally, Appellant argued that the dissolution proceeding was legitimate.

A trial on the objection was held on December 29, 1986. Much of the evidence adduced at trial focused on whether Appellant had participated in Mr. Venhaus' fraud upon the Debtors. The Debtors also attempted to establish that Appellant was actually pursuing the claim on behalf of Mr. Venhaus. The court took the matter under submission.

On January 6, 1987, the court issued a memorandum decision sustaining the Debtors' objection to Appellant's claim. The basis for the decision was that Appellant's claim was barred by laches and by her failure to comply with Bankruptcy Rule 3001(e)(2) which requires the transferee of a claim to file notice of the transfer. The court stated that although Rule 3001(e)(2) sets no specific time limit for filing such notice, the required notice must be filed within a reasonable time. Here, Appellant did not file a proof of claim or notice of the transfer of Mr. Venhaus' claim until four months after the assignment of the note. The court concluded that this delay was unreasonable and had caused prejudice to the Debtors because they would have sought different settlement terms had they known that Appellant intended to file a proof of claim on her own behalf. The court further noted that Appellant and her husband remained in close contact after the divorce. Finally, the court stated that it did not find credible Appellant's testimony that she did not know the settlement was in the works. This appeal followed.

## DISCUSSION

A. *Whether the court properly treated Appellant's claim as a transferred claim.*

Bankruptcy Rule 3001(e)(2) provides in relevant part:

> (2) If a claim ... has been unconditionally transferred after the proof of claim has been filed, *evidence of the terms of the transfer shall be filed by the transferee.* ... If the court finds after a hearing on notice, that the claim has been unconditionally transferred, it shall enter an order substituting the transferee for the unconditional claimant, otherwise the court shall enter such order as may be appropriate.

Bankruptcy Rule 3001(e)(2) (emphasis added). The Advisory Committee Note to Rule 3001(e) states in relevant part:

> The interests of sound administration are served by requiring the post-petition transferee to file with the proof of claim

a statement of the transferor acknowledging the transfer and the consideration for the transfer. Such a disclosure will assist the court in dealing with evils that arise out of post-bankruptcy traffic in claims against an estate.

Advisory Committee Note to Bankruptcy Rule 3001(e) (citations omitted).

■ On appeal, Appellant argues that the bankruptcy court's treatment of her claim as a transferred claim is conceptually problematic because she always had her one-half community property interest in the note. Appellant contends that the only thing transferred to her was Mr. Venhaus' one-half interest in the note which she subsequently reassigned to him, and that she is currently only pursuing her one-half interest. Thus, the concept of transfer is inapposite. We are not persuaded by this argument.

It is true that Appellant always had her community property interest in the note and that it is the only interest she is currently pursuing. However, Appellant waited until four months after the transfer and two months after the settlement agreement to file her proof of claim. Had Appellant promptly filed notice of the transfer with the bankruptcy court, it is clear that the Debtors would not have accepted the waiver of the claim from Mr. Venhaus. The subsequent retransfer by Appellant should not relieve her of her earlier obligation to notify the court of the original transfer. The use of the word "shall" in Rule 3001(e)(2) indicates that Congress considered the filing of such notice to be mandatory. In our view, a transferee should not be able to subvert the clear language and purpose of the rule by subsequently retransferring an interest to the original transferor.

■ Moreover, we agree with the conclusion of the bankruptcy court that the notice required by Rule 3001(e) must be filed within a reasonable time. The rule's silence with regard to a time limit cannot be interpreted as giving a transferee carte blanche in the filing of such notice if a delay would result in prejudice to other parties. If, as noted by the Advisory Committee, the purpose of the rule is to assist the court in dealing with the "evils" that arise out of the post-filing transfer of claims, it cannot be applied so as to permit the required notification to be made after other parties have been prejudiced.

■ Appellant argues that the Debtors were not prejudiced by her failure to promptly file notice of the transfer because the Debtors were aware of her claim at all times. Specifically, Appellant contends that Mr. Plastiras, special counsel for the trustee in the state court proceeding, admitted that he was aware of the Venhaus' divorce prior to the May 5, 1986 settlement hearing. This argument is not persuasive. In our view, Mr. Plastiras' failure to ascertain whether Appellant intended to pursue her community property interest was not unreasonable in light of the fact that Mr. Venhaus had filed a claim for the full amount of the note.

We find that Appellant's delay in filing notice of the transfer has unquestionably prejudiced the Debtors because they accepted a waiver of Mr. Venhaus' claim without knowledge that he no longer had a claim to transfer. The subsequent retransfer of Mr. Venhaus' claim has not eliminated the prejudice to the Debtors because the record indicates that the Debtors believed they were getting a full waiver of the claim. In addition, Appellant has failed to explain why she waited until four months after the divorce and property transfer, and two months after the settlement agreement to file her proof of claim. Had Appellant acted reasonably promptly in notifying the Debtors of her intention to pursue the note, the Debtors would have demanded different settlement terms. Accordingly, we agree with the bankruptcy court that Appellant failed to comply with Rule 3001(e)(2).

B. *Whether Appellant's claim should have been allowed as an amendment.*

■ Appellant next argues that even if she failed to comply with Bankruptcy Rule 3001(e)(2), her claim should have been allowed as an amendment to Mr. Venhaus' claim. Appellant contends that no code

provision or bankruptcy rule specifically limits the time within which amendments may be filed. Without citation to authority, Appellant argues that the only time limit with regard to amending claims is that amendments must be filed prior to distribution so as not to interfere with the administration of the estate. We disagree.

Whether to allow an amendment to a claim is within the discretion of the bankruptcy judge. *See, e.g., In re Black & Geddes, Inc.,* 58 B.R. 547, 553 (S.D.N.Y. 1983) (in determining whether it would be equitable to allow a post-bar date amendment to a proof of claim, particularly significant are considerations of whether other claimants might be prejudiced by the amendment, and whether there is some justification for movant's failure to file a proper claim within the limitations period). In *In re City of Capitals, Inc.,* 55 B.R. 634, 637 (Bankr.D.Md.1985) the court stated that even if an amendment to a claim arises out of the same transaction or note giving rise to the original claim, "equitable considerations must govern the final analysis and ... 'the crucial question is whether the opposing party would be unduly prejudiced by the amendment.'" (quoting *In re Futuronics Corp.,* 23 B.R. 281, 283 (S.D.N.Y. 1982)). The court further stated that in determining prejudicial effect it would look to such elements as bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or other creditors, and change of the debtor's position. *City of Capitals,* 55 B.R. at 634. *See also In re Overly–Hautz Co.,* 57 B.R. 932 (Bankr.N.D.Ohio 1986) (balancing of equities is required to determine propriety of amendment).

As previously set forth, the prejudice to the Debtors in this case is clear. Moreover, the court's findings that the Venhaus' remained in close contact after the divorce and that Appellant was aware of the settlement agreement, support the inference that Appellant's failure to file her amended proof of claim until after the settlement agreement was deliberate. Accordingly, equitable considerations mandate that Appellant's claim be disallowed as an amendment.

## C. *Whether Appellant is entitled to distribution under Code § 726(a)(3).*

■ Appellant next argues that even if her claim is disallowed as a transferred claim or an amendment, she is nevertheless entitled to participate in distribution pursuant to Code § 726(a)(3). That section provides:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title,

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (a), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) *third, in payment of any allowed unsecured claim proof of which is tardily filed* under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

11 U.S.C. § 726(a) (emphasis added). Appellant correctly contends that this section authorizes the payment of tardily filed claims if all claims under sections 726(a)(1) and (a)(2) have been paid. In our view, however, the section does not authorize the payment of such a claim when the claimant's tardiness has caused prejudice to the debtor or other creditors. Bankruptcy Rule 3002(c)(6), which was intended to im-

plement § 726(a)(3),[1] provides:

(c) In a Chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

. . . .

(6) In a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court *may grant an extension* of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

Bankruptcy Rule 3002(c)(6).

The use of the word "may" indicates that the granting of such an extension is not mandatory. 8 L. King, *Collier on Bankruptcy*, ¶ 3002.05[7] at 3002–18 (15th Ed.1988). Thus, we are of the view that whether to allow payment on a tardily filed claim when there is a surplus is within the bankruptcy court's discretion.

This position is supported by *In re Global Western Development Corp.*, 759 F.2d 724 (9th Cir.1985), a Ninth Circuit decision construing section 57n of the Bankruptcy Act, the forerunner of Code section 726(a)(3). In that case the court affirmed a bankruptcy court order allowing a creditor's late filed claim. The court noted, however, that the debtor "failed to show any prejudice as a result of the creditor's late claim being granted." *Id.* at 727. In this same context, the *Global* court further emphasized that "[a]s courts of equity, bankruptcy courts 'will look through the form to the substance of any particular transaction and may contrive new remedies where those in law are inadequate ...'" *Id.* (quoting *In re Madeline Marie Nursing Homes*, 694 F.2d 433, 436 (6th Cir. 1982)). Thus, *Global* makes clear that equitable considerations are appropriate in determining whether to allow a late filed claim when there is a surplus in the estate.

*See also Black & Geddes*, 58 B.R. at 553, 554 (post bar date amendment to defectively filed proof of claim disallowed even though there was surplus in the estate, where other creditors would be prejudiced and creditor seeking to amend claim provided no justification for delay).

This position is further supported by the many cases applying the doctrine of laches, an "equitable measure traditionally employed by courts to prevent one party from being unfairly prejudiced by another's delay," to bar untimely proofs of claim in Chapter 11 cases. *In re Concord Coal Corp.*, 81 B.R. 863, 867 (S.D.W.Va.1988). *See also In re Chicago, Rock Island & Pacific R. Co.*, 788 F.2d 1280, 1284 (7th Cir.1986); *In re Decko Products, Inc.*, 73 B.R. 275, 276 (Bankr.N.D.Ohio 1987). *Cf. In re Bajan Resorts*, 71 B.R. 52 (Bankr.D. Utah 1987).

Again, the Debtors in the instant case have clearly been prejudiced by Appellant's late filing of her claim. Further, Appellant has given no justification for the delay in filing her claim. Accordingly, we reject Appellant's argument that she is entitled to participate in distribution pursuant to section 726(a)(3).

### CONCLUSION

Whether Appellant's claim is construed as a transferred claim, an amended claim, or an entirely new proof of claim, we hold that the claim is barred by Appellant's unjustifiable delay in pursuing the claim and the resulting prejudice to the Debtors. Accordingly, we AFFIRM the decision of the bankruptcy court.

---

1. Although Rule 3002(c)(6) itself does not make specific reference to Code § 726(a)(3), the Advisory Committee Note to the Rule contains such a reference:

   Provision is made in Rule 2002(a) and (h) for notifying all creditors of the fixing of a time for filing claims against a surplus under paragraph (6). This paragraph does not deal with the distribution of the surplus. *Reference must also be made to § 726(a)(2)(c) and (3) which permits distribution on late filed claims.* Advisory Committee Note to Bankruptcy Rule 3002 (1983) (emphasis added).