In re ROBERT STONE CUT OFF **EQUIPMENT INC. AND BENTLEY WELDERY & MACHINERY CO. (A Division thereof), Debtor.**

**Bankruptcy No. 84–01062.**

United States Bankruptcy Court, N.D. New York.

March 9, 1989.

Goldberg, Harding & Talev, P.C., Syracuse, N.Y., for trustee; Harold P. Goldberg, of counsel.

Steven A. Paquette, Dist. Tax Atty. & Appraiser, N.Y.S. Dept. of Taxation and Finance, Syracuse, N.Y.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This contested matter comes before the Court on the objection by the Trustee in Bankruptcy ("Trustee") to a proof of claim filed by the New York State Department of Taxation and Finance (the "State" or "Department") after the claims bar date in the bankruptcy case of Robert Stone Cut Off Equipment Inc. and Bentley Weldery & Machinery Co. (A Division thereof) ("Debtor").

### FACTS

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp. 1988) ("Code"), on December 24, 1984. It indicated in the attached Schedule A–1 that the State held a priority claim for franchise taxes in the amount of $250.00. In the notice of the meeting of creditors pursuant to Code § 341, the Court set May 14, 1985 as the deadline for filing proofs of claims.

On February 27, 1985, the State filed a proof of claim in the amount of $125.00 for taxes due under "Article 9A of the Tax Law of the State of New York" in the fourth quarter of 1984. On October 24, 1988, it filed what it labeled an amendment "based on additional liabilities for corpora-

tion and withholding tax to the petition date", superseding the first proof of claim for an aggregate outstanding tax of $2,715.94, including interest. This proof of claim was based on a "Corporation Tax—Article 9A" for an estimated $125.00 in the fourth quarter of 1984 and an actual $250.00, plus $2.96 of interest, in the period September 1, 1983 to August 31, 1984, as well as a claim for "Withholding Tax–Article 22" from January 1, 1984 through December 24, 1984 in the estimated sum of $2,237.36, plus $100.62 of interest.

The Trustee filed the instant motion on November 2, 1988, requesting the Court to allow the claim inasmuch as it amended the corporate franchise tax to $377.96, but to expunge the $2,337.98 in withholding taxes as time barred since it was a new claim, unrelated to the original claim.

On December 6, 1988, the State filed an Affidavit in opposition to the Debtor's motion asking the Court to recognize the claim for withholding taxes as an amendment to its original claim. It relied upon *In re W.T. Grant Co.*, 53 B.R. 417 (Bankr. S.D.N.Y.1985), where the court observed that

> "[a]lthough amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted, [citation omitted], such amendments are not automatic but are allowed, 'where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'"

*Id.* at 420 (quoting *Biscayne 21 Condominiums Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 819 (11th Cir.1985)).

The Department also cited a five-prong analysis noted by the court in *In re Butcher*, 74 B.R. 211 (Bankr.E.D.Tenn.1987) to determine whether amendments to claims should be allowed: 1) the debtor and other creditors' reliance on the earlier proof of claim and their reason to know of subsequent proofs of claim following the completion of the tax authority's audit, 2) the windfall to creditors if amendment not allowed, 3) intentional or negligent delay by the taxing authority in filing proof of claim, 4) justification in doing so, and 5) the assurance of a just and equitable result. *Id.* at 216 (citing to *In re Miss Glamour Coat Co.*, Stand.Fed.Tax.Rep. (CCH) ¶ 9737 (S.D.N.Y. Oct. 8, 1980) (1980 WESTLAW 1668, Taxation database)).

### ISSUE

Whether the State's claim for unpaid withholding taxes, filed forty-one months after the claims bar date, is a valid amendment to its timely filed claim for corporate franchise taxes in the Debtor's Chapter 7 case? [1]

### JURISDICTIONAL STATEMENT

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C.A. §§ 1334(b) and 157(a), (b)(1), (2) (A, B, O). The following findings of fact and conclusions of law are governed by Bankruptcy Rules ("Bankr.R.") 3002, 3007, 7052, 9014.

### DISCUSSION

In a Chapter 7 liquidation, the time for filing a proof of claim is squarely governed by Bankr.R. 3002(c). *See also* Bankr.R. 9006(b)(3). *See In re Kragness*, 82 B.R. 553, 555–556 (Bankr.D.Or.1988). While claim bar dates can be extended in Chapter 9 and 11 cases for cause and, in some instances, a showing of excusable neglect, *see* Bankr.R. 3003(c), 9006(b); *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 59–60 (3d Cir. 1988); *Rowe Int'l, Inc., v. Herd (In re Herd)*, 840 F.2d 757, 758 n. 2 (10th Cir. 1988); *Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.1988), proofs of claim in Chapter 7, 12 and 13 cases must be filed within ninety days after the first date set

---

1. The Court does not take issue with that part of the State's proof of claim relating to the corporate franchise taxes for September 1, 1983 to August 31, 1984 and interest, given the Trustee's acknowledgement of it as a proper amendment.

for the meeting of creditors subject to six exceptions. *See In re Johnson*, 95 B.R. 197, 18 B.C.D. 1018, 1022 & n. 13 (Bankr.D. Colo.1989); *In re Kragness, supra*, 82 B.R. at 555–556; *In re Butcher, supra*, 74 B.R. at 216–217; *Solari v. Ulrich (In re Solari)*, 62 B.R. 31, 32 (9th Cir. BAP 1986).

Indeed, "Bankr.R. 3002(c) is strictly construed as a statute of limitations since the purpose of such a claims bar date is 'to provide the debtor and its creditors with finality' and to 'insure the swift distribution of the bankruptcy estate.'" *In re Nohle*, 93 B.R. 13 (Bankr.N.D.N.Y.1988) (quoting *In re Johnson*, 84 B.R. 492, 494 (Bankr.N.D.Ohio 1988) and *In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983)). *See also In re Chirillo*, 84 B.R. 120, 121–122 & nn. 2–3 (Bankr.N.D. Ill.1988) (citing cases); *In re Miller*, 90 B.R. 317, 322 (Bankr.E.D.Tenn.1988); *Associated Container Transp. (Austl.) Ltd. v. Black & Geddes, Inc. (In re Black & Geddes, Inc.)*, 58 B.R. 547, 553 (S.D.N.Y. 1983); *Hoos & Co. v. Dynamics Corp. of Am.*, 570 F.2d 433, 439 (2d Cir.1978) (Chapter XI) (equitable concerns cannot defeat Congressional objective of finality with regard to the timely filing of valid proofs of claim); *In re W.T. Grant Co., supra*, 53 B.R. at 420 (Chapter XI case controlled by former Bankruptcy Act § 57(n) and former Bankruptcy Rule 302(e)); 8 L. King COLLIER ON BANKRUPTCY ¶ 3002.05 (15th ed. 1988).

It is not disputed that the State had notice of the May 14, 1985 bar date, particularly given its characterization of its proof of claim filed on October 24, 1988 as an amendment which superseded the previous claim timely filed on February 27, 1985. However, instead of utilizing its tailor-made exception under Bankr.R. 3002(c)(1) which permits a court "to extend the time for filing of a claim by the United States, a state, or subdivision thereof" on motion for cause shown filed prior to the bar date, the State filed a second claim for withholding taxes, almost three and one-half years after the bar date, styled as an "amendment" and without an accompanying explanation. *See, e.g., In re Butcher, supra*, 74 B.R. at 216–217.

"Amendments to timely filed claims are liberally allowed to modify information or correct omissions in the original claim." *In re Calisoff*, 94 B.R. 1002, 1003 (Bankr.N.D. Ill.1988) (citing to *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir.1985)). However, while guided by principles of equity, courts will subject a post-bar date amendment in all chapters "to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment" given the necessity of certainty and finality in a bankruptcy case. *Id. See also Maressa v. A.H. Robins Co., supra*, 839 F.2d at 221; *In re Gibraltor Amusements Ltd.*, 315 F.2d 210 (2d Cir.1963).

An amendment to a timely filed original claim after the bar date is valid when the new claim bears a reasonable relationship to the original filing and is supported by a balancing of the equities. *See In re Overly–Hautz Co.*, 57 B.R. 932, 936 (Bankr.N.D.Ohio 1986) ("same generic origin"). "[T]he second claim should not only be of the same nature as the first but also reasonably within the amount to which the first claim provided notice." *In re AM Int'l, Inc.* 67 B.R. 79, 82 (N.D.Ill.1986). This "relation back" concept originates by analogy to Rule 15(c) of the Federal Rules of Civil Procedure. *See State of California Board of Equalization v. Ulrich (In re Solari)*, 63 B.R. 115, 117 (9th Cir. BAP 1986); *In re Miller, supra*, 90 B.R. at 321 (citing 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 15.15[3] (2d ed. 1987)); *Major Mud & Chemical Co., Inc. v. United States (In re Major Mud & Chemical Co., Inc.)*, 81 B.R. 412, 413–414 (Bankr.W.D.La. 1988).

In *In re Solari, supra*, 63 B.R. at 115, the court had set a bar date of October 28, 1982 for proofs of claims in the debtor's Chapter 7 case. The State timely filed a claim for payroll taxes on September 13, 1982 and then on May 23, 1983, almost seven months after the bar date, the State filed an "amendment" for sales and use taxes. The court rejected the second claim as time barred, holding that "[t]he State

Board's claim does not purport to cure a defect in the timely filed claim, nor does it describe the claim with greater particularity." *Id.* at 117.

In *In re Overly–Hautz Co., supra,* 57 B.R. at 932, the court set September 19, 1983 as the bar date for the filing of proofs of claims in the Chapter 11 case. The Internal Revenue Service ("IRS") timely filed a claim for corporation, withholding, and FICA taxes. On June 10, 1985, almost two years after the bar date, the IRS filed an "amendment" to their original claim for an OHC Salaried Employee's Pension Plan deficiency. The court held the untimely claim to be an entirely new claim and time barred, reasoning that "[e]xcept for their status as taxes, ... [the new claim] is totally unrelated to the original claim." *Id.* at 936. Even an untimely filed "amendment" for additional sums of the same kind of taxes claimed in the original filing has been deemed time barred where it seeks sums from a different tax quarter, *In re Johnson, supra,* 84 B.R. at 492, or asserts a significantly greater sum of money than the original claim, *In re AM Int'l, Inc., supra,* 67 B.R. at 79. *See also In re Int'l Horizons, Inc., supra,* 751 F.2d at 1213 (IRS' post-bar claims for corporate income taxes actually new claim where timely filed proof of claim was for withholding and Federal Unemployment Tax Act taxes).

■ After comparing the original claim with the purported untimely "amendment", the Court finds that, but for their common priority tax status under Code § 507(a)(7), the new claim is unrelated to the original filing. *See In re Overly–Hautz Co., supra,* 57 B.R. at 936. The corporate franchise tax asserted in the State's original claim on February 27, 1985, is derived from Article 9–A, "Franchise Tax on Business Corporations", of the New York State Tax Law (McKinney 1986 & Supp.1989) which is imposed on a corporation's entire net income for the privilege of doing business in the state. *See Standard Mfg. Co. Inc. v. Tax Comm'n of New York,* 114 A.D.2d 138, 498 N.Y.S.2d 724 (3d Dep't), *aff'd,* 69 N.Y.2d 635, 511 N.Y.S.2d 229, 503 N.E.2d 694 (1986), *appeal dismissed,* 481 U.S.

1044, 107 S.Ct. 2172, 95 L.Ed.2d 829 (1987). The disputed part of the State's claim, filed on October 24, 1988, is for withholding taxes based on Article 22, "Personal Income Tax", of the New York State Tax Law (McKinney 1987 & Supp.1989) ("NYTL") and arises from the employer's statutory obligation to deduct and withhold its employees' personal income tax, regardless of whether that employer is a corporation. *See* NYTL §§ 611–638, 671–678.

Thus, for the purposes of the instant dispute over the validity of the October 24, 1988 proof of claim, the Court can find no reasonable relation or common origin between the New York corporate franchise tax and the New York withholding tax and concludes that the latter is time barred. *See In re Int'l Horizons, Inc., supra,* 751 F.2d at 1217; *In re Overly–Hautz, Co., supra,* 57 B.R. at 936.

*In re W.T. Grant Co., supra,* 53 B.R. at 417, does not compel a different result. There, the creditor timely filed a proof of claim arising from the bankrupt's rejection of a lease on a certain retail store and then, more than sixteen months after the bar date, filed an "amendment" to the original claim arising from the debtor's rejection of a lease on a different retail store. The court rejected the creditor's untimely claim as time barred, holding that "it is wholly inappropriate to use an amendment as a device for filing after the statutory period a claim based on a cause of action of which no notice whatever had been given the trustee by anything previously filed." *Id.* at 421.

In *W.T. Grant, Co.,* the court rejected the creditor's attempt to assert a totally unrelated new claim under the semblance of an amendment. In that respect, the facts here are not unlike the situation in *W.T. Grant, Co.,* since the State seeks to put forth a new claim which is not even remotely hinted at in its original claim.

Thus, an untimely new claim may be permitted as a valid amendment where the original filing provided notice to the debtor of the existence, nature and amount of subsequent claims to be submitted by the creditor. *See, e.g., In re Overly–Hautz*

Co., 57 B.R. at 936. In *In re Johnson, supra,* 84 B.R. at 492, the IRS timely filed an original claim against the Chapter 7 debtor for withholding and "F.I.C.A." tax liabilities. Some seven months after the bar date, the IRS filed an "amendment" seeking additional sums for the same taxes in a different tax period. In denying the IRS' new claim as time barred, the court stated that "the IRS' filing delay of some seven months after the claims date not only was unreasonable and untimely but further fail[ed] to evidence an expedient filing once the liability was determined." *Id.* at 494 (citing to *In re Solari, supra,* 62 B.R. at 31).

In the present case, it would be unreasonable to find that the Debtor had notice that a subsequent withholding tax would be sought by the State based on its totally unrelated original claim for the corporate franchise tax and on the record's silence concerning any audit being conducted by the State. Although there is no evidence that the State intentionally or negligently delayed in filing the estimated proof of claim for withholding taxes, the fact remains it did so forty-one months after the bar date at the close of Debtor's case and offered no justification as to why it could not have timely filed an "estimated" claim for withholding taxes subject to later resolution. *See* Code §§ 501, 502; Bankr.R. 3006, 3007. The Court further concludes that the allowance of the State's claim for withholding taxes would work more of an injustice on the other creditors, because of their reliance upon a completed distribution and the threat of disgorgement, than a possible windfall generated by the disallowance, or, more correctly, expungement.[2] *See In re Overly–Hautz Co., supra,* 57 B.R. at 936 (citing to equitable factors analysis set forth in *In re Miss Glamour Coat Co., supra* ).

Having determined that the State's October 24, 1988 filing for withholding taxes constitutes a new claim which is time barred, the final issue is what status, if any, can be given the untimely claim. In *In re Fugo,* No. 82–00511, (Bankr.N.D.N.Y. May 23, 1983), this Court faced the situation where the New York State Department of Labor timely filed a claim against a Chapter 7 debtor for unemployment insurance taxes, and then three months after the bar date filed an amendment for the same tax arising in a different tax period. The Court rejected the new claim as an "amendment" to the original claim, but, in the interest of equity, allowed it as a tardily filed claim subordinated to the level of distribution prescribed in former Bankr.R. 302(e)(5), so as to attach to any remaining surplus in the estate.[3]

While this Court has concluded here, as in *In re Fugo,* that that part of the State's second claim at issue is not a valid amendment to its first claim, *In re Fugo* is distinguishable from the case at bar in that it concerned an individual rather than a corporate debtor, the two claims involved were for the same kind of tax—unemployment insurance—and the State had filed its second claim only three months, and not forty-one, after the bar date. Moreover, a tardily-filed claim's entitlement to an estate's surplus, pursuant to Code § 726(a)(3) and Bankr.R. 3002(c)(6), is not absolute and must be conditioned by the equities of the case. *See Venhaus v. Wilson (In re Wilson),* 96 B.R. 257, 262–263 (9th Cir. BAP 1988) (payment under Code § 726(a)(3) denied where claimant's unexplained tardiness caused prejudice to debtor, invoking doctrine of laches). This is true notwithstanding the priority status of the claim in question since the tardiness of its filing renders Code § 726(a)(1) inapposite. *See In re Kragness, supra,* 82 B.R. at 556 (quoting *In re Magnuson,* No. 480–1706(0) (Bankr.D.Minn. Oct. 4, 1982)).

To allow the State's late claim for withholding taxes to attach to any remaining surplus in the estate at this late juncture would prejudice the other creditors, who were diligent in filing their claims in a

---

2. *See In re Nohle, supra,* 93 B.R. at 16 n. 3.

3. Bankr.R. 3002(c)(6) substantially corresponds with its predecessor, former Bankr.R. 302(e)(5).

*See* 8 COLLIER ON BANKRUPTCY, *supra,* at 3002–7.

timely fashion, perhaps wreak havoc in a case ready to be closed, notwithstanding its liquidation rather than reorganization posture, and abuse the Code's statutory scheme of expeditious and equitable distribution. *See In re Wilson, supra,* 96 B.R. at 262. *See also Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 398 (5th Cir.1989); *Hoos & Co. v. Dynamics Corp. of Am., supra,* 570 F.2d at 439; *In re Calisoff, supra,* 94 B.R. at 1004.

The overriding consideration in bankruptcy is that equitable principles govern the care and preservation of the estate. *See Bird, II v. Crown Convenience (In re NWFX, Inc.),* 864 F.2d 588, 590 (8th Cir. 1988). The result herein furthers such concerns inasmuch as the Debtor, a corporate entity, will not receive a discharge and any ability the State may have to seek the withholding tax liabilities from non-debtor "responsible parties" remains untouched. *Compare* Code § 727 *and* Code § 523(a)(1). *See also In re Ryan,* 78 B.R. 175, 178 (Bankr.E.D.Tenn.1987).

Therefore, the Court holds that the equities of the case demand the expungement of the State's untimely filed priority claim for 1984 withholding taxes in the Debtor's corporate Chapter 7 case. *See In re Wilson, supra,* 96 B.R. at 263. *Cf. In re Kragness, supra,* 82 B.R. at 553 (individual Chapter 7); *contra In re Major Mud & Chemical Co., Inc., supra,* 81 B.R. at 415 (corporate Chapter 7).

Accordingly, the Trustee's motion is granted.

IT IS HEREBY ORDERED.