# In re RIKER INDUSTRIES, INC., Debtor.

## Bankruptcy No. 90–01422.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 17, 1993.

See also 122 B.R. 964.

John J. Hunter, Toledo, OH, trustee.

Dale R. Crandall, Perrysburg, OH, for claimants.

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO CONSIDER FILING TIMELY CLAIM AND DISMISSING TRUSTEE'S OBJECTIONS TO PRIORITY CLAIMS

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

These matters are before the court upon motion of Richard D. Ignasiak for leave to consider filing timely claim, the trustee's response thereto, and the trustee's objections to priority claims of Brian Douglas, Jerry L. Hatcher, Richard D. Ignasiak, Thomas Navarre, Robert C. Roecker and Barbara A. Sillery to which claimants have responded. Upon consideration of the record herein, the court finds that the motion of Richard D. Ignasiak is not well taken and should be denied and that the trustee's objections to the priority claims of Brian Douglas Jerry L. Hatcher, Thomas Navarre, Robert C. Roecker and Barbara S. Sillery are not well taken and should be dismissed.

### FACTS

On April 27, 1990, an involuntary petition under chapter 7 was filed against Debtor. As a result of Debtor's consent, an order for relief under chapter 7 was entered on May 7, 1990. On July 16, 1990, an order scheduling the meeting of creditors pursuant to 11 U.S.C. § 341 was entered, scheduling that meeting for August 14, 1990. Two issues are presented by the instant motion and objections to claims: that of the timeliness of the claim of Richard D. Ignasiak and the priority of the remaining claims. The facts relevant to determination of each issue are separately stated.

### DISCUSSION

#### TIMELINESS

On May 18, 1990, a proof of claim was filed by some 24 salary employees of Debtor, including claimant Ignasiak. On June 5, 1990, an amendment to proof of claim, withdrawal of proof of claim of certain parties was filed, stating in pertinent part that:

[t]hose individuals listed on creditor's original Exhibit "A" [May 18, 1990 proof of claim of salary employees] who now withdraw their proof of claim are ... Richard D. Ignasiak.

On January 10, 1991, claimant Ignasiak filed a proof of claim, incorporating the

May 18, 1990 claim and amendment. The trustee gave notice that he intends to treat claimant Ignasiak's claim as untimely as the second proof of claim was filed after the expiration period for the filing of timely proofs of claim. Claimant Ignasiak states that because he did not receive proper notice, or notice of any kind, said claim should be treated as if timely filed and that the trustee was, minimally, informally notified of claimant Ignasiak's claim.

Bankruptcy Rule 3002(c), provides that: [i]n a chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a)....

"This provision 'is in the nature of a statute of limitations.'" *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992) (citations omitted). *See also In re Robert Stone Cut Off Equipment Inc.*, 98 B.R. 158 (Bkrtcy.N.D.N.Y.1989) (Rule 3002(c) is strictly construed as a statute of limitations since the purpose of such a claims bar date is to provide the Debtors and its creditors with finality and to insure the swift distribution of the bankruptcy estate).

The first date set for the meeting of creditors was August 14, 1990; claimant Ignasiak's claim, although first filed on May 18, 1990, was subsequently withdrawn on June 5, 1990. The subsequent claim, seeking to amend the May 18, 1990 claim, was filed on January 10, 1991. In view of the June 5, 1990 withdrawal of claim, the proof of claim before the court, on behalf of claimant Ignasiak, is that of January 10, 1991. Accordingly, this claim will be allowed in accordance with 11 U.S.C. § 726(a)(3). *See Reliance Equities*, 966 F.2d at 345 (tardily filed claims are paid from estate surplus only after priority and certain other timely filed claims have been paid in full). That is, because the January 10, 1991 claim was filed more than 90 days after the first date set for the § 341 meeting, August 14, 1990, claimant Ignasiak's claim should be treated as a tardily filed claim.

Claimant Ignasiak asserts that an informal proof of claim was filed, which requires the January 10, 1991 claim to be considered timely filed. The court does not concur. The court need not address the factors to be considered in determining whether an informal proof of claim has been filed as the May 18, 1990 proof of claim was a formal writing, on the appropriate form. The untimeliness of claimant Ignasiak's claim results from his June 15, 1990 withdrawal of claim. The court finds that Claimant's attempt to amend that claim is without merit and the January 10, 1991 claim should be treated as filed pursuant to 11 U.S.C. § 726(a)(3).

## PRIORITY

The following discussion applies to the priority extended to claims filed by claimants Brian Douglas, Jerry L. Hatcher, Thomas Navarre, Robert C. Roecker and Barbara A. Sillery. Initially, the court notes that these claimants filed a proof of claim on May 18, 1990, estimated in the amount of $10,000,000. Proof of Claim, Exhibit A Riker Industries, Inc. Salary Employees (May 18, 1990). Unlike claimant Ignasiak, no withdrawal was filed. Subsequently, amended claims were filed on behalf of each claimant, except Barbara Sillery, on July 23, 1992 and September 11, 1992; an amendment on behalf of Barbara Sillery was filed on September 18, 1992.

The trustee objects to claimants' claims stating that the "amendments, if they are amendments, are untimely, confusing, lacks (sic) specificity, and are otherwise objectionable." Claimants assert that the amendments serve to specify the amounts of each claimant's claim, including unreimbursed wages, vacation pay and medical expenses. Furthermore, claimants contend that the trustee possessed all relevant documents, containing the information necessary for determination of the amounts to which claimants are entitled. Finally, claimants argue that the claims are entitled to priority, pursuant to the Worker Adjustment and Retraining Notification Act (WARN). Because Debtor ceased doing business on April 20, 1990, notifying its employees of this decision on April 19, 1990, claimants are entitled to 59 days sala-

ry, as a result of Debtor's violation of the WARN act, of which $2,000 is entitled to priority as set forth in 11 U.S.C. § 507(a)(3); the balance of said claims represents general unsecured claims. Thus, claimants request priority in the following amounts:

| | |
|---|---|
| Brian Douglas | $1,243.00 |
| Jerry L. Hatcher | 271.00 |
| Thomas Navarre | 874.00 |
| Robert C. Roecker | 1,050.00 |
| Barbara A. Sillery | 803.00 |

Memorandum at 2 (Dec. 21, 1992).

The trustee objects to claimants' request for priority treatment stating that Debtor employed 96 people; thus, Debtor is not subject to WARN. *See* 29 U.S.C. § 2101(a)(1)(B) ("Employer" means any business enterprise that employs 100 or more employees who in the aggregate work at least 4,000 hours per week). The trustee also maintains that WARN is not controlling as the plant closure was not reasonably foreseeable; the 60 day notice period does not, then, apply.

Initially, the court rejects the trustee's assertion that WARN does not apply as Debtor employed 96 people. At the December 9, 1992 pretrial, the parties stipulated that they would submit this matter to the court upon their briefs analyzing this issue; the court finds the trustee's attempt to now present an issue of fact, prohibiting adjudication of this issue on the pleadings, inappropriate. The parties stipulated that the court should resolve the trustee's objections based upon a question of law, not of fact. Accordingly, the court will not consider this statement in support of the trustee's objections.

■ Regarding the trustee's objections to the amendments claiming they are untimely, the court notes that:

> [c]ourts have allowed creditors to amend claims after the bar date where the amended claim is determined to bear a "reasonable relationship" to the original filing.
>
> *       *       *       *       *       *

The essential factor in determining the validity of an amendment is the court finding a "relationship" between the amendment and the original filing that provides "notice to the Debtor of the existence, nature and amount of subsequent claims to be submitted by the creditor." If a post bar date amendment sets forth a claim which is unrelated to the original claim, it cannot constitute a valid amendment.

*In re Bondi's Valu–King, Inc.*, 126 B.R. 47, 49–50 (N.D.Ohio 1991) (citations omitted). *See also Robert Stone*, 98 B.R. at 160 (amendments to timely filed claims are liberally allowed to modify information or correct omissions in the original claim).

The original May 18, 1990 claim filed by some 24 employees estimated the amount at $10,000,000. Attached to that claim were documents detailing that consideration for the claim included violations of state statutes, the Employee Retirement Income Security Act, the Labor Management Relations Act, breaches of contract regarding health insurance, vacation pay, sick leave, pension, child support and profit sharing. Claimants' amendments detail the amount and nature of each claimant's claim. The court finds that the original May 18, 1990 claim was timely and that the amendments filed by each individual claimant relates to the original claim, modifying the amount and specifying the nature of the priority sought. The trustee's objections to the amendments for the reason that they are untimely are not well taken.

■ The trustee also objects to the priority sought by claimants. Claimants cite *In re Cargo*, 138 B.R. 923 (Bkrtcy.N.D.Iowa 1992) in support of priority treatment; the court is persuaded that *Cargo* applies. In *Cargo*, former employees requested priority status for wages earned within 90 days of the cessation of Debtor's business; Debtor, subsequently, filed a voluntary chapter 7 petition. The issue presented was whether "claims under WARN are entitled to priority treatment as wages." *Id.* at 925. The *Cargo* court indicated that although "the statute establishing claim priorities is narrowly construed ... [t]he WARN statute ... is to be construed broadly." *Id.* at 926 (citations omitted). Additionally, the *Cargo* court stated that:

"[a]dvance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will also allow these workers to successfully compete in the job market."

*Id.* at 927 (quoting 20 C.F.R. 639.1(a)). The *Cargo* court concluded that the employees' claims were entitled to priority status under 11 U.S.C. § 507(a)(3).

The trustee distinguishes *Cargo* from the instant situation on the basis that an involuntary petition was filed against Debtor as a result of "sudden unexpected 'business circumstances that were not reasonably foreseeable, as of the time that notice would have been required.'" Trustee's Response to Memorandum of Claimants Counsel at 3 and n. 1 (Dec. 29, 1992). The trustee further attempts to distinguish *Cargo*, stating that

> the employer ... filed a voluntary petition under chapter 11 ... and was an ongoing business, that determined that it should shut a plant and gave no notice.

*Id.* at 5. However, the court is not persuaded by this analysis as this statement inaccurately states the facts of *Cargo*. First, Debtor, in *Cargo*, filed a chapter 7 bankruptcy petition. 138 B.R. at 925. Second, Debtor, in *Cargo*, ceased doing business on December 23, 1989, the same day it notified its employees that it would cease doing business; Debtor's petition was filed on February 3, 1990. *Id.* Thus, the court is not persuaded by the trustee's own analysis.

■ Furthermore, in the instant situation, although Debtor's closing resulted from the loss of financing, *see* Trustee's Response at 2 (Dec. 29, 1992), withdrawal of that financing should have been anticipated by Debtor as it was, no doubt, aware of its precarious financial condition. Also, the court is persuaded that because WARN is intended to provide a transition time for employees to adjust to the lost employment, priority should be extended to the monetary loss of Debtor's employees, in accordance with the priority granted wage claimants pursuant to § 507(a)(3).

Because the court finds that the claims of claimants Brian Douglas, Jerry L. Hatcher, Thomas Navarre, Robert C. Roecker and Barbara A. Sillery are entitled to priority, it must next determine those amounts. The trustee does not object to the amounts requested by claimants. *See supra* p. 826 (detailing amounts). Accordingly, the court accepts these calculations and will grant priority status to claimants in the amounts requested. In light of the foregoing, it is therefore

ORDERED that motion of Richard D. Ignasiak for leave to consider filing timely claim be, and hereby is, denied. It is further

ORDERED that the trustee's objections to priority claims of Brian Douglas, Jerry L. Hatcher, Thomas Navarre, Robert C. Roecker and Barbara S. Sillery be, and hereby are, dismissed and that priority status under 11 U.S.C. § 507(a)(3) be, and hereby is, granted to claimants in the following amounts:

| | |
|---|---|
| Brian Douglas | $1,243.00 |
| Jerry L. Hatcher | 271.00 |
| Thomas Navarre | 874.00 |
| Robert C. Roecker | 1,050.00 |
| Barbara A. Sillery | 803.00. |